UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JILL PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-13747 |
| ) | |
| ADMIN RECOVERY, LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JILL PATTERSON ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, ADMIN RECOVERY, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Lake Orin, Oakland County, Michigan.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Mich. Comp. Law § 339.901(f).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Mich. Comp. Law § 339.901(a).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Mich. Comp. Law § 339.901(b).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Williamsville, Erie County, New York.

12. Defendant is a business entity engaged in the collection of debt within the State of Michigan.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. On or around March 6, 2015, Defendant began calling Plaintiff on Plaintiff's telephone number, XXX-XXX-7558, in an attempt to collect an alleged debt.

21. Defendant's collection agent, Larry Bartowza, left a voicemail for Plaintiff to return his call at telephone number, 716-817-2842.

22. 716-817-2842, is one of Defendant's telephone numbers.

23. On or around March 6, 2015, Plaintiff returned Defendant's collection agent's telephone call.

24. In the aforementioned conversation, Defendant's collection agent threatened to take legal action against Plaintiff for fraud on the alleged debt.

25. In the aforementioned conversation, Plaintiff requested verification of the alleged debt.

26. Defendant's collection agent continued to demand payment from Plaintiff and insisted that Plaintiff set up a payment plan to avoid legal action.

27. As a result of Defendant's scare tactics, Plaintiff verbally agreed to set up a payment plan with Defendant.

28. Plaintiff never signed anything in writing authorizing automated payments.

29. Defendant began withdrawing automated payments in the amount of $100 every two

weeks.

30. Plaintiff did not receive anything in writing prior to Defendant making automated withdrawals from her personal checking account.

31. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to withdraw funds from Plaintiff's personal checking account without Plaintiff's consent and when Defendant threatened to take legal action of fraud on the Plaintiff;

    b. Defendant violated §1692f(1) of the FDCPA by collecting and amount and making unauthorized withdrawals from Plaintiff's checking account without obtaining a signed agreement from Plaintiff;

    c. Defendant violated §1692f(2) of the FDCPA by collecting and amount and making unauthorized withdrawals from Plaintiff's checking account without and not sending Plaintiff a notification in writing prior to the withdrawal; and

    d. Defendant violated §1692g of the FDCPA by not providing Plaintiff with validation of the alleged debt in writing after the initial communication and by continuing to demand payment on the debt after Plaintiff asked for a validation of

4

the alleged debt.

34. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JILL PATTERSON, respectfully requests judgment be entered against Defendant, ADMIN RECOVERY, LLC, for the following:

36. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

40. Plaintiff repeats and re-alleges paragraphs 1-32 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Defendant violated §339.915(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly, continuously or at unusual times which are known to be inconvenient to Plaintiff.

42. Defendant's acts as described above were done intentionally with the purpose of coercing

Plaintiff to pay the alleged debt.

43. As a result of the foregoing violations of the MOC, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JILL PATTERSON, respectfully requests judgment be entered against Defendant, ADMIN RECOVERY, LLC, for the following:

44. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

45. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

46. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

47. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

DATED:  October 23, 2015		RESPECTFULLY SUBMITTED,


				By: /s/ Michael S. Agruss
					Michael S. Agruss
					Ill. Bar Number: 6281600
					Agruss Law Firm, LLC
					4611 N Ravenswood Ave.
					Suite 201
					Chicago, IL 60602
					Tel: 312-224-4695
					Fax: 312-253-4451
					michael@agrusslawfirm.com
					Attorney for Plaintiff